IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DIANE E. VAN NATTER, | ) | No. 77892-7-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON MUTUAL BANK, | ) | UNPUBLISHED OPINION |
| JP MORGAN CHASE BANK, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

VERELLEN, J. — Diane Van Natter sued her lender, Washington Mutual Bank (WaMu), in 2007 to prevent foreclosure on her condominium, culminating in the 2010 dismissal of those claims. In 2017, she attempted to rely upon that same lawsuit to assert vague and unrelated claims against the present holder of her mortgage, JP Morgan Chase Bank. On December 5, 2017, based upon the 2010 dismissal and the failure to obtain permission to amend the complaint, the court rejected her attempt. We affirm because her original complaint is not the appropriate tool to revisit previously dismissed claims or to raise new, unrelated claims against a different defendant.

FACTS

In 2007, WaMu began proceedings to foreclose on Van Natter's condominium, and she filed suit against it and the law firm conducting the trustee

sale. Van Natter sought a restraining order prohibiting the sale and sought an accounting regarding any payments she had made toward her mortgage. The parties agreed to restrain the sale so long as she deposited $9,082.17 into the court registry and deposited another $1,009.13 on the 15th of every month thereafter. In March of 2009, after the Federal Deposit Insurance Corporation (FDIC) became the receiver for WaMu, the court stayed all proceedings in Van Natter's case. It appears Chase became the owner of Van Natter's mortgage and any other accounts she held there. In March of 2010, the court terminated the stay against foreclosure and dismissed all claims against the FDIC and WaMu pursuant to 12 U.S.C. section 1821(d).

One month later, the remaining parties, Van Natter and the law firm hired to conduct the trustee sale, stipulated to an order regarding Chase. They agreed Chase was the current owner and servicer of Van Natter's loan, she had been making payments into the court registry, and Chase was entitled to those monies. The court granted Chase's motion to intervene, ordered disbursal of the monies to Chase, and dismissed Van Natter's claims.

Four years later, in January 2014, Van Natter and her husband, John Hall, dissolved their marriage. Hall received the condominium "and any indebtedness thereon" as his separate property.[1] In 2015, Chase began foreclosure proceedings against the condominium, and Hall started separate collateral

---

[1] Clerk's Papers (CP) at 421.

litigation to prevent it.[2]  After this court affirmed a summary judgment ruling against him, Hall moved to amend Van Natter's 2007 complaint to add himself as a plaintiff and prevent foreclosure.[3]  Van Natter became involved again in the litigation, opposed Hall's efforts to add himself as a plaintiff, and requested affirmative relief "regarding her bank accounts [from] prior to marriage."[4]  On December 5, 2017, the court dismissed the action, concluding all existing claims had been dismissed in 2010 and no one obtained permission to amend the pleadings.

Van Natter appeals.

ANALYSIS

Van Natter contends a trial is required to adjudicate claims "involving money she earned and deposited to fund her personal and business accounts" held at WaMu, Chase, and Wells Fargo Bank and requests "reversal of the dismissal of her case addressing claims" against them.[5]  Her brief includes wide-ranging commentary, but ultimately she argues the court erred by denying her attempt to revive dismissed claims or assert new claims.  The trial court based its December 5, 2017 dismissal on the 2010 orders dismissing Van Natter's claims

---

[2] See Hall v. JP Morgan Chase Bank, No. 74602-2-I (Wash. Ct. App. Oct. 24, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/746022.pdf.

[3] See CP at 199 (Hall seeking to enjoin trustee's sale of the condominium).

[4] CP at 81.

[5] Appellant's Br. at 4, 5.

and the failure to obtain permission to amend the complaint. We review a court's denial of a motion to amend for abuse of discretion.[6]

Van Natter's 2017 attempts to revive the 2007 lawsuit include her focus on Chase. Chase's involvement in this lawsuit is extremely limited. Van Natter filed suit against WaMu and the law firm it hired to conduct a trustee's sale. The FDIC's involvement as receiver for WaMu ended in March of 2010 when the court dismissed all claims against it and WaMu. In April of 2010, Van Natter agreed Chase's involvement was limited to receipt of all monies deposited into the court registry pursuant to the 2007 stipulated order. Thus, allowing revival in 2017 of the 2007 lawsuit would be inconsistent with the 2010 orders as to any claims against WaMu or the FDIC arising from the 2007 foreclosure on her condominium and on disbursement of monies paid into the court registry through April of 2010. And Van Natter never sought review of the court's 2010 rulings.[7]

And even if Van Natter has some unresolved claims, the superior court is not compelled to allow her to revive the dismissed 2007 litigation to assert them. The court has broad discretion regarding such a belated attempt to amend pleadings.[8] And we can affirm on any basis supported by the record.[9] "'A party

---

[6] Dewey v. Tacoma Sch. Dist. No. 10, 95 Wn. App. 18, 27, 974 P.2d 847 (1999).

[7] RAP 5.2(a) (generally, a notice of appeal or notice of discretionary review must be filed within 30 days).

[8] See Gardner v. First Heritage Bank, 175 Wn. App. 650, 674, 303 P.3d 1065 (2013) (citing Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 142, 937 P.2d 154 (1997) (a motion to amend may be denied as untimely or unduly delayed)).

[9] Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along.'"[10]  The court did not err by concluding no remaining or additional claims may be pursued in the 2007 lawsuit.[11]

Therefore, we affirm.

_____

WE CONCUR:

_____        _____

---

[10] Kirby v. City of Tacoma, 124 Wn. App. 454, 472, 98 P.3d 827 (2004) (quoting Dewey, 95 Wn. App. at 26).

[11] As an alternative basis to affirm, Van Natter's brief fails to comply with the Rules of Appellate Procedure.  She rarely cites to the record on appeal, and although she lists several legal authorities, she does not cite the legal authority to support her particular arguments.  RAP 10.3(a)(4), (6).  We are not required to address arguments not supported by citation to the record or meaningful legal authority.  Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).